UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | 1:25-cv-000356 |
| | § | |
| EDWARD LOUIS JONES, TERI LYNN JONES, JEFFREY JONES, ROY C. PRICE, THE SOUTHEAST TEXAS HOUSING FINANCE CORPORATION, AND THE UNITED STATES OF AMERICA, | § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Dustin M. Howell. Dkt. 34. The report and recommendation addressed Plaintiff's Motion for Default Judgment as to Edward Louis Jones, Teri Lynn Jones and Southeast Texas Housing Finance Corporation (Dkt. No. 26) and Plaintiff's Motion for Default Judgment as to Jeffrey Jones and Roy C. Price (Dkt. No. 33). The report recommended that both Motions be **GRANTED.** Judge Howell issued the report and recommendation on January 13, 2026. As of the date of this order, no party has filed objections to the report and recommendation.

A party may file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b)(1). When no objections are timely filed, the Court reviews the

magistrate judge's report and recommendation for clear error. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Because the parties have not filed timely objections, the Court has reviewed Judge Howell's report and recommendation for clear error. Having found no such error, the Court finds that the report and recommendation should be adopted.

Accordingly, the Report and Recommendation of the United States Magistrate Judge (Dkt. 34) is **ADOPTED**

**IT IS THEREFORE ORDERED** that Plaintiff's Motions at Dkt. Nos. 26 and 33 are **GRANTED**.

**IT IS FURTHER ORDERED AND DECLARED** that:

1. Lakeview is the owner and holder of the note;

2. Lakeview has a statutory probate lien against the property under the terms of the loan, as well as Texas Estates Code §§ 101.001 and 101.051;

3. The following are secured by the deed of trust:

(a) the outstanding balance of the note,

(b) pre-judgment interest, and

(c) post-judgment interest from the date of judgment until paid; and

4. Lakeview may proceed with non-judicial foreclosure of the property.

**IT IS FINALLY ORDERED** that Plaintiff Lakeview's request for attorneys' fees and costs is **DENIED** without prejudice.

**SIGNED** on February 24, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE